UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TINA MICHELLE BRAUNSTEIN, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| -against- | ) ) ) | |
| SAHARA PLAZA, LLC, and THE PLAZA HOTEL, a FAIRMONT MANAGED HOTEL, | ) ) ) ) | **COMPLAINT** **(Jury Trial Demanded)** |
| Defendants. | ) ) | |

Plaintiff, TINA MICHELLE BRAUNSTEIN ("Plaintiff"), as and for her

complaint against Defendants, SAHARA PLAZA, LLC ("Sahara") and THE PLAZA

HOTEL, a FAIRMONT MANAGED HOTEL (the "Plaza") (collectively "Defendants")

sets forth and alleges as follows:

## JURISDICTION AND VENUE

1.     This action is brought for discrimination in employment pursuant to Title

VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17

(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race,

color, and national origin) ("Title VII") and because Plaintiff has received a right to sue

letter from the Equal Employment Opportunity Commission ("EEOC"), as well as for

related New York state law claims, under Title 8 of the Administrative Code of the City

of New York (8-107) and New York State Human Rights Law HRL § 3-a.

2.     This Court has jurisdiction over the subject matter of this action pursuant

to the aforementioned statutes, as well as 28 U.S.C. §§ 1331 and 1343. Jurisdiction may

also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil

Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

    3.      This Court may also have jurisdiction over the related New York state law

claims herein asserted pursuant to 28 U.S.C. §1367, and applicable principles of pendant

jurisdiction.

    4.      Venue properly lies in this District pursuant to 28 U.S.C. §1391 (b)(1).

**JURY DEMAND**

    5.      Plaintiff demands a trial by jury.

**PARTIES**

    6.      At all times hereinafter mentioned, Plaintiff was and still is an individual

residing in the State of New York within this District, with a current residence located at

3845 Sedgwick Avenue, Apt. 14D, Bronx, NY 10463, and is a White woman of Jewish

descent, aged 48.

    7.      Upon information and belief, at all times hereinafter mentioned,

Defendant Sahara was and still is a business entity with offices in and conducting

business in the State of New York, with offices for the transaction of business located at

768 5th Avenue, New York, NY 10019.

    8.      Upon information and belief, at all times hereinafter mentioned,

Defendant Sahara was and still is a limited liability company residing in the State of New

York, with offices for the transaction of business located at 768 5th Avenue, New York,

NY 10019.

    9.      Upon information and belief, at all times hereinafter mentioned,

Defendant Sahara was and still is a domestic corporation residing in the State of New

2

York, and incorporated in the State of New York and registered with the New York Secretary of State.

10.     Upon information and belief, at all times hereinafter mentioned, Defendant Plaza was and still is a domestic corporation residing in the State of New York, and incorporated in the State of New York and registered with the New York Secretary of State

11.     Upon information and belief, at all times hereinafter mentioned, Defendant Plaza was and still is a business entity with offices for the transaction of business at located at 768 5th Avenue, New York, NY 10019.

### PRELIMINARY STATEMENT

12.     During the course of her employment (and continuing until the termination thereof), Plaintiff was repeatedly subjected to discrimination and harassment based on her gender and religion. When she complained of this, she was retaliated against and received further mistreatment. The harassment and retaliation was perpetrated by various employees of Defendants. Plaintiff reported such harassment to senior management, including but not limited to, the Human Resources Department of Defendant, who took no action, and/or failed to properly investigate, and/or take corrective action in response to Plaintiff's complaints.

13.     Defendants knew or should have known of the improper and unlawful conduct of their agents, representatives, and employees and should have taken timely and appropriate corrective action. The improper and unlawful conduct and communications of the Defendants and of their agents, representatives, and employees substantially

3

interfered with Plaintiff's employment and created an intimidating, hostile, and offensive work environment in violation of Title VII and New York law.

14.     Defendants' failure to investigate and/or take corrective action in response to Plaintiff's complaints constitutes discrimination based on race and religion, which culminated in the discriminatory and retaliatory discharge of Plaintiff without cause. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, social security, fringe benefits and other benefits due to her. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her rights to be free from discrimination and great humiliation which has manifested itself in physical illness and emotional distress.

15.     Defendants' failure to enforce its tip policy was intentional and deprived Plaintiff of just compensation.

16.     As a result of Defendants' unlawful conduct, Plaintiff was denied an equal opportunity to secure the Senior/Lead bartender position because of her gender and ethnicity, thus entitling Plaintiff to damages as set forth below.

## FACTS

17.     On or about October 22, 2014, Plaintiff was hired by Defendant Sahara to work for Defendant Plaza as one of four bartenders to staff the Palm Court Bar in anticipation of the reopening of the Oak Bar at the Plaza Hotel, allegedly pursuant to a staffing agreement between Defendant Sahara and the Plaza Hotel.

4

18.     Plaintiff was at times complimented about the quality of her work by certain supervisors and others as well as her extensive experience in the bar industry.

19.     Nevertheless, shortly after being hired, Plaintiff noted that she, as the only woman bartender, was treated differently from the other bartenders.  Plaintiff experienced this discriminatory treatment despite the fact that she was performing her work well.

20.     In addition, Plaintiff's mistreatment by male supervisors named Johann Widnersson, Martin Mariano, and Amin Deroui became particularly troubling for Plaintiff.  At first, they would manifest this different treatment of Plaintiff subtly, by spending an inordinate amount of time "supervising" Plaintiff's work in comparison to that of her other male bartenders.

21.     Plaintiff received an offer of employment letter on October 21, 2014 from Defendant Sahara on behalf of the Plaza Hotel. This was followed shortly by a meeting with Plaza Hotel staff who stated that she was one of four bartenders hired for the Palm Court and eventually the Oak Bar when it opened. No mention was made of probationary status.

22.     Her training began on October 27, 2014, for two weeks. Plaintiff was told she would be considered for lead PM or Senior Bartender during training (two weeks). During new hire orientation on November 4 or 5, 2014 they were given various policies but no harassment training was provided then or up to Plaintiff's termination.

23.     After training was completed and the four bartenders were on rotating schedules, a new meeting was held with Widnersson, Mariano, Deroui and the bartenders and cocktail servers to resolve disputes over the distribution of tips There was no

resolution of this issue nor any up to the date of Plaintiff's termination on March 13, 2015. This meeting was requested by Plaintiff and the other employees.

24.     On November 28, 2014, set schedules were created for the four bartenders, James Menite, Roberto Rosa and Eddie Marini, and Plaintiff was assigned as lead bartender for Tuesday and Saturday evenings. At other times, the Plaintiff and Rosa and Marini rotated as second bartender, service bartender or bar back, which required cleaning glasses, food containers and stocking supplies and other menial duties.

25.     On November 29, 2014, Menite refused any rotations and Plaintiff complained to Widnersson that she was expected to serve as lead bartender in order to insure a proper evaluation and she was told "all you do is complain and do not offer any ideas for the bar." Plaintiff responded by indicating how her ideas were now bar policy with examples.

26.     On December 2, 2014, Plaintiff, the only woman bartender, was not notified or invited to a meeting on tip outs which was attended by the other bartenders and management.

27.     On December 6, 2014, the day bartender, Edmund was physically and verbally abusive to Plaintiff, thus preventing Plaintiff from setting up for her shift. This was reported to Mariano and Human Resources, with only Mariano responding with an apology.

28.     On December 10, 2014, Deroui was verbally abusive in front of customers as the AM team broke the cash box key and he suggested Plaintiff leave it open as she was only a glorified "bar back – woman's work", the least attractive duties. Later that same shift, Menite told Plaintiff that he was now Senior/Lead bartender and he was

6

switching schedules with Plaintiff to secure the lucrative Saturday night shift which he originally did not request. Plaintiff discussed this with Human Resources on December 11, 2014 but there was no follow up.

29.     On December 22, 2014, due to persistent verbal abuse, Plaintiff requested a meeting regarding the schedule and position rotation. At the meeting, Menite refused to work any position other than Senior/Lead bartender, despite Plaintiff's protest and experience in the field.

30.     Deroui, the floor manager, who was not at the December 22, 2014 meeting told Plaintiff to "stop being a baby and running to management, not ladylike."

31.     On December 25, 2014, Plaintiff emailed her complaints from December 22, 2014 to Widnersson who never replied.

32.     Plaintiff received her only evaluation on January 9, 2015. Plaintiff met with Human Resources to complain about her disparate treatment and poor evaluation. Human Resources told Plaintiff to ask for a meeting with Mariano and Widnersson. Mariano called Plaintiff to a meeting but Widnersson did not attend.  In response to Plaintiff's complaints, Mariano stated "you are a bitch, what do you expect."

33.     On January 29, 2015 Deroui stated in Plaintiff's presence "what do you expect, Jews own all the media and the banks." Plaintiff is Jewish.

34.     On February 7, 2015, Plaintiff emailed Mariano at the suggestion of manager James Netzel concerning the inappropriate behavior and then Deroui verbally abused Plaintiff with further derogatory remarks about her gender.

35.     On February 20, 2015, Mariano and Rosa started speaking only Spanish in front of Plaintiff and about Plaintiff in derogatory terms.

36.     During the remainder of February and early March, Rosa and Marini were persistently late or no shows without any reprimand.

37.     On March 11, 2015, Plaintiff was instructed to prepare cocktails for the Ketel One event when Menite told her only he "creates cocktails and he will get Plaintiff fired."

38.     On March 13, 2015, Plaintiff was terminated while Menite, Marini and Rosa were maintained.

39.     Plaintiff thereafter filed a charge with the EEOC regarding Defendants' alleged discriminatory conduct. On or about August 15, 2016, the EEOC issued a Dismissal and Notice of Rights and mailed a right to sue letter to Plaintiff (a true and correct copy of which are annexed hereto as Exhibit 1). Upon information and belief, Plaintiff received the right to sue letter on or after August 18, 2016.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination)

40.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

41.     The actions of Defendants as set forth herein constitute discrimination on the basis of gender and ethnicity, in violation of Title VII and New York law.

42.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, and has suffered stress, mental anguish, humiliation, damage to her reputation and other damages, including but not limited to, attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

8

## AS AND FOR A SECOND CAUSE OF ACTION
### (Hostile Work Environment)

43. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

44. The actions of Defendants as set forth herein created an intimidating, hostile and offensive work environment in violation of Title VII and New York law.

45. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered stress, mental anguish, humiliation, damage to her reputation and other damages, including but not limited to, attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation)

46. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

47. The actions of Defendants as set forth herein constitute retaliation against Plaintiff, in violation of Title VII and New York law.

48. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered stress, mental anguish, humiliation, damage to her reputation and other damages, including but not limited to attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Supervision)

49.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

50.     Defendants had a legal duty to provide a safe workplace.

51.     Defendants failed to reasonably supervise their employees.

52.     Defendants and their management knew or should have known of the undue harm to which they were exposing Plaintiff.

53.     Defendants knew or should have known that Plaintiff would be continually exposed to undue harm in view of Plaintiff's complaints (and complaints made formally and informally by other employees) about pervasive, offensive and discriminatory conduct on the basis of race and/or national origin Defendants' were aware of or should have been aware of ongoing retaliatory conduct, including terminating employees who made good faith complaints of discrimination.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of NYC HRL)

54.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

55.     The Defendants, based on the above facts, violated not only their own Discrimination and Harassment Policy but also New York State Human Rights Law § 296(3)(a) in that Defendants, by intentional act or omission, failed to act on Plaintiff's claims of discrimination, harassment and hostile work environment.

56.     As a result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, pecuniary damages, loss of benefits and has suffered stress, anxiety

and humiliation with damage to her reputation, including but not limited to her attorneys'

fees, interest, costs and disbursements in amounts to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of NYCHRL Title 8 of the
Administrative Codeof the City of New York § 8-107)

57.     Plaintiff repeats and realleges each and every allegation contained in the

preceding paragraphs of this Complaint as if set forth at length herein.

58.     The Defendants, based on the above facts, violated not only their own

Discrimination and Harassment Policy but also New York State Human Rights Law §

296(3)(a) in that Defendants, by intentional act or omission, failed to act on Plaintiff's

claims of discrimination, harassment and hostile work environment.

59.     As a result of Defendants' unlawful conduct, Plaintiff has suffered, and

continues to suffer, pecuniary damages, loss of benefits and has suffered stress, anxiety

and humiliation with damage to her reputation, including but not limited to her attorneys'

fees, interest, costs and disbursements in amounts to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of 29 USC 621, et al. Age Discrimination)

60.     Plaintiff repeats and realleges each and every allegation contained in the

preceding paragraphs of this Complaint as if set forth at length herein.

61.     The Plaintiff was terminated from her position with Defendantd on March

13, 2015 at age 47 and is a member of the protected class. She was replaced by a much

younger woman in violation of the statute.

62.     As a result of Defendants' unlawful conduct, Plaintiff has suffered, and

continues to suffer, pecuniary damages, loss of benefits and has suffered stress, anxiety

and humiliation with damage to her reputation, including but not limited to her attorneys'
fees, interest, costs and disbursements in amounts to be determined at trial.

WHEREFORE, Defendants' actions in engaging in the unlawful, discriminatory,
and retaliatory conduct detailed herein were willful, wanton, and illegal, thus justifying
an award of punitive damages and attorneys' fees.

WHEREFORE, the Plaintiff, demands judgment against Defendants, jointly and
severally, on each cause of action asserted in this Complaint, as follows:

1. Awarding Plaintiff compensatory damages in an amount to be determined at
   trial, but not less than $250,000.00;

2. Awarding Plaintiff punitive damages in amounts to be determined at trial, but
   not less than $750,000.00;

3. Awarding pre judgment interest;

4. Awarding attorneys fees and costs on all causes of action;

5. Awarding such other and further relief as this Court may deem just and proper
   in the circumstances.

Dated: November 14, 2016
       Mineola, NY

RAISER & KENNIFF, P.C.

By: E. Gordon Haesloop

E. Gordon Haesloop, Esq.
300 Old Country Road, Suite 351
Mineola, New York 11501
(516) 742-7600 (t)
gordon@raiserkenniff.com

*Attorneys for Plaintiff*

12

## VERIFICATION

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF_____ )

       TINA MICHELLE BRAUNSTEIN, being duly sworn deposes and says:  I am the

Plaintiff in the within action, and I have read the foregoing VERIFIED COMPLAINT, I know

the contents thereof, and I acknowledge that the contents thereof are true to my own knowledge.

                                          TINA MICHELLE BRAUNSTEIN

Sworn to me before this
14th day of November, 2016

Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20__