UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINA MICHELLE BRAUNSTEIN, | Civil Case No. 1:16-cv-08879 (VSB) |
| Plaintiff, | |
| -against- | (Electronically Filed Document) |
| SAHARA PLAZA, LLC and THE PLAZA HOTEL, a FAIRMONT MANAGED HOTEL, | **AFFIDAVIT OF KAREN WENGER** |
| Defendants. | |

KAREN WENGER, being duly sworn, deposes and says:

1. I am the Director of Talent and Culture at The Plaza (the "Hotel"), and am employed by Fairmont Hotels & Resorts (Maryland) LLC. I am fully familiar with the facts and circumstances set forth herein. I submit this Affidavit in support of Defendants' Motion for Summary Judgment to dismiss the Complaint in its entirety with prejudice.

2. Plaintiff Tina Michelle Braunstein ("Plaintiff" or "Ms. Braunstein") was employed by Defendant Sahara Plaza, LLC ("Sahara") as a Bartender in The Palm Court (the "Restaurant"), a dining venue located at the Hotel (the "Hotel"), from October 27, 2014 to March 13, 2015.

3. Annexed as "Exhibit A" is a true copy of the job description for the Bartender position Plaintiff held, bearing Bates Stamp Number P000027. Under the "Requirements" section, the job description states that a Bartender, among other things, must have "[e]xcellent communication . . . skills," "[s]trong interpersonal . . . abilities," and the "[a]bility to work cohesively with fellow colleagues as part of a team."

4. Plaintiff's position was covered under the terms and conditions of a collective bargaining agreement ("CBA") between the Hotel & Motel Trades Council (the "Union"), a labor

organization, and the Hotel Association of New York City, a multi-employer bargaining agent representing numerous hotels, including the Hotel.

5. The Hotel and the Union also were parties to a separate agreement which modified the CBA with respect to the operation of the Restaurant (the "Palm Court Agreement"). Annexed as "Exhibit B" is a true copy of the Palm Court Agreement. Plaintiff was hired during the Restaurant's first year of operation. Pursuant to Section 2, paragraph h., of the Palm Court Agreement, "For the first one (1) year of operation, the probationary period for new hires shall be one hundred fifty (150) days." The Hotel had the authority under the CBA to terminate Plaintiff's probationary period employment without affording her the right to contest her termination under the grievance and arbitration provisions of the CBA.

6. Plaintiff signed an offer of employment letter from Sahara on October 21, 2014 ("Plaintiff's Offer Letter"). Annexed as "Exhibit C" is a true copy of the Offer Letter, bearing Bates Stamp Numbers P000003 through P000006.

7. On October 23, 2014, four days prior to her official employment commencement date, Plaintiff signed a Form of Acknowledgment ("Plaintiff's Acknowledgment") confirming that she had received and reviewed the Hotel's Discrimination & Harassment Prevention Policy (the "Discrimination and Harassment Policy"). Annexed as "Exhibit D" is a true copy of Plaintiff's Acknowledgment, bearing Bates Stamp Number D000063.

8. Annexed as "Exhibit E" is a true copy of the Discrimination and Harassment Policy, bearing Bates Stamp Numbers D000060 through D000062.

9. During the period of Plaintiff's employment, Johann Widnersson, who was then the Beverage Manager, was her direct supervisor. Amin Deroui, the Food and Beverage Manager, also supervised Plaintiff from time-to-time.

10. Martin Mariano, then the Hotel's Director of Food and Beverage, oversaw the Restaurant's operation.

11. On approximately the same day as Plaintiff's hire, three other evening Bartenders were also hired: James Menite, Edwin Marini and Roberto Rosa. All three are male.

12. The Hotel ranked all four bartenders in terms of seniority (length of service) based on their actual hire dates, in accordance with the terms of the CBA. Mr. Menite was first in seniority, Plaintiff was second, Mr. Marini was third, and Mr. Rosa was fourth.

13. Annexed as "Exhibit F" is a true copy of an e-mail from Ms. Braunstein to Suzanna Paradi ("Ms. Paradi") entitled "reporting the taylor for inappropriate comments," dated November 9, 2014; and a true copy of an e-mail response from Ms. Paradi to Ms. Braunstein, cc to Mr. Hunt, dated November 10, 2014, bearing Bates Stamp Number P000159.

14. Annexed as "Exhibit G" is a true copy of an e-mail from Ms. Braunstein to Mr. Mariano entitled "complaint of harassment," dated December 8, 2014; and a true copy of an e-mail response from Mr. Mariano to Ms. Braunstein, dated December 8, 2014, bearing Bates Stamp Numbers P000140 through P000141.

15. Annexed as "Exhibit H" is a true copy of type-written notes entitled "Meeting with Edmund, December 10, 2014 Re: Incident with Tina Braustein (sic) on Saturday December 6, 2014," dated December 10, 2014, bearing Bates Stamp Number D000079.

16. Annexed as "Exhibit I" is a true copy of an e-mail from Johan Widnersson ("Mr. Widnersson") to Mr. Hunt, Mr. Mariano, cc to Amin Deroui ("Mr. Deroui") entitled "TINA BRAUNSTEIN," dated December 13, 2014, bearing Bates Stamp Numbers D000101 through D000102.

17.   Annexed as "Exhibit J" is a true copy of type-written notes entitled "Meeting with Tina Braustein [sic] and delegate, James," dated December 18, 2014, bearing Bates Stamp Number D000019.

18.   Annexed as "Exhibit K" is a true copy of an e-mail from Ms. Braunstein to Ms. Paradi entitled "Fwd: Tina Braunstein," dated December 30, 2014; and a true copy of the e-mail response from Ms. Paradi to Ms. Braunstein, dated December 30, 2014, bearing Bates Stamp Number P000134.

19.   Annexed as "Exhibit L" is a true copy of Plaintiff's written performance appraisal dated January 9, 2015, bearing Bates Stamp Number D000018.

20.   Annexed as "Exhibit M" is a true copy of an e-mail from Ms. Braunstein to Mr. Widnersson entitled "request for bullet points 60 day review Tina Braunstein," dated January 9, 2015, bearing Bates Stamp Number D000097.

21.   Annexed as "Exhibit N" is a true copy of an e-mail from Mr. Mariano to Mr. Hunt entitled "Roberto re: Tina Braunstein," dated January 10, 2015, bearing Bates Stamp Number D000099.

22.   Annexed as "Exhibit O" is a true copy of an e-mail from Ms. Braunstein to Mr. Widnersson, Mr. Mariano, and Ms. Paradi entitled "follow up from 1/9 with Tina Braunstein," dated January 12, 2015; and a true copy of the e-mail response from Mr. Mariano to Ms. Braunstein, cc to Mr. Hunt, dated January 12, 2015, bearing Bates Stamp Numbers D000108 through D000111.

23.   Annexed as "Exhibit P" is a true copy of an e-mail from Mr. Mariano to Mr. Hunt entitled "Tina," dated January 12, 2015, bearing Bates Stamp Number D000115.

4

24. Annexed as "Exhibit Q" is a true copy of an e-mail from Mr. Mariano to Mr. Hunt entitled "FW: Tina," dated January 25, 2015, bearing Bates Stamp Number D000114.

25. Annexed as "Exhibit R" is a true copy of an e-mail from Ms. Braunstein to Mar. Mariano entitled "palm court 2/6," dated February 7, 2015; and a true copy of an e-mail response from Mr. Mariano to Ms. Braunstein, dated February 19, 2015, bearing Bates Stamp Number P000170.

26. Annexed as "Exhibit S" is a true copy of an e-mail from Roberto Rosa ("Mr. Rosa") to Mr. Deroui entitled "Unacceptable Working Environment," dated February 19, 2015, bearing Bates Stamp Numbers D000118 through D000119.

27. Annexed as "Exhibit T" is a true copy of an e-mail from Mr. Rosa to Mr. Deroui entitled "Continued Harassment," dated February 21, 2015, bearing Bates Stamp Numbers D000126 through D000127.

28. Plaintiff was terminated effective March 13, 2015, and was told that she had not successfully completed her 150 day probationary period. At the time of her termination, Plaintiff had been employed by the Hotel for only 138 days.

_____
Karen Wenger

Sworn to before me this 13th
day of March, 2018

_____
Notary Public

HATSUMI KOMIYA-LEE
NOTARY PUBLIC, STATE OF NEW YORK
No. 01KO6222804
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES OCTOBER 8, 2018

5