# EXHIBIT 9

# raiser&kenniff
## ATTORNEYS AT LAW

Steven M. Raiser, Esq.
Thomas A. Kenniff, Esq.
Anthony J. Colleluori, Esq.
E. Gordon Haesloop, Esq.
Bruce R. Connolly, Esq.
John F. Campbell, III, Esq.
Ethan D. Irwin, Esq.
Valerie K. Mitchell, Esq.

300 Old Country Road, Suite 351
Mineola, New York 11501
Tel. 516-742-7600 • Fax 516-742-7618

Of Counsel
Catherine May Co, Esq.
Edward A. Fregosi, Jr., Esq.
Laura A. Mintz, Esq.
Khadija A. Misuraca, Esq.
Emily Shaw Record, Esq.
John J. Rivas, Esq.

October 4, 2017

VIA ECF

Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:    Tina Braunstein v. Sahara Plaza, LLC, et al.
             16-cv-8879 (VSB)

Dear Judge Broderick:

    We represent the Plaintiff, Tina Michelle Braunstein, in her causes of action for relief pursuant to Title VII and the creation of a hostile work environment. Further, the Defendants and their employees retaliated against Plaintiff by creating a pattern of complaints against her which led to a pretextual performance review and her eventual termination of employment. The supervisory employees failed to adequately protect the Plaintiff and other similarly situated women.

    Plaintiff will not repeat or reiterate the applicable legal standards which are clearly outlined in Defendant's October 2, 2017 letter.

    The Plaintiff commenced her employment with Defendant as a Palm Court Bartender on October 27, 2014 and was terminated on March 13, 2015. During Plaintiff's orientation and training she was never informed of any probationary period and was only shown the CBA at her deposition. Upon hire, Plaintiff was one of four bartenders hired for the Palm Court and the only woman. Plaintiff early on questioned Human Resources ("HR") concerning seniority which was to be determined based on "date" the offer of employment was signed (HR never forwarded the requested information).

Manhattan Office
87 Walker Street
New York, New York 10013
212-274-0090

www.raiserkenniff.com

Suffolk Office
80 Orville Drive, Suite 100
Bohemia, New York 11716
631-338-5711

Hon. Vernon S. Broderick
Re: Braunstein v. Sahara Plaza, LLC, et al.
October 4, 2017
Page 2

During orientation, the four bartenders were told they would be competing for the position of lead bartender. However, no competition ensued and the position was *de facto* awarded to James Menite. Plaintff was denied an equal opportunity to compete.

In November and December of 2014, Plaintiff complained to her supervisors of hostility and intimidating behavior by the other bartenders and some employees of the Defendant. In December 2014, her supervisors held a meeting to discuss the "tipping" out procedure. The Plaintiff was not invited to the meeting. Plaintiff requested a meeting to discuss discriminatory and sexual harassment complaints and procedures on a number of occasions but the meeting was never held.

In December 2014, and January 2015, Plaintiff continued to complain to her supervisors and HR about escalating abusive and intimidating conduct. She was called a "bitch" by both the other bartenders and a supervisor; told to "stop being a baby"; her Jewish ethnicity was attacked with statements such as "all the bankers and media are Jewish like you"; she was prevented from setting up for her shift (physically); and physically rushed at the bar causing a glass to break, among other hostile acts.

In response, management interviewed the other male bartenders and servers to solicit negative comments about Plaintiff. This process was initiated by management to provide an excuse (pretext) to give her a negative performance evaluation. Plaintiff requested point by point feedback as she disputed the assessment but none was forthcoming and she was terminated on March 13, 2015.

It is Plaintiff's contention that she was terminated for her complaints that she was being intimidated because of her gender and ethnicity. Had her supervisors properly investigated her complaints, it would have laid bare what was occurring. Coincidently, Plaintiff's allegations against the male bartender was turned into allegations against her, i.e., James Menite in drinking on duty and later Plaintiff is drinking on duty.

Evan Hunt, Assistant Director of Human Resources was deposed and testified that the series of allegations against Plaintiff followed after her complaint.

Plaintiff does not put forth allegations of sexual harassment because with her personality they wouldn't dare. However, Paige Rodriguez (server) and Sergeline Bernadeau (bartender who replaced Plaintiff) have made such allegations. Index No. 27324/17 Bronx County.

Hon. Vernon S. Broderick
Re: Braunstein v. Sahara Plaza, LLC, et al.
October 4, 2017
Page 3

    The deposition testimony and documents produced will prove the allegations in the Complaint and result in a denial of Summary Judgment. While Defendant contends that she was not a "team player" she would never engage in team activities and submit.

Very truly yours,

*E. Gordon Haesloop*

E. Gordon Haesloop, Esq.

EGH/cm

cc:   David I. Rosen, Esq.
      Sills Cummis & Gross, PC
      The Legal Center
      One Riverfront Plaza
      Newark, NJ 07102
      drosen@sillscummis.com