USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA MICHELLE BRAUNSTEIN
_____

Write the full name of each plaintiff or petitioner.

Case No. 16 CV 08879

-against-

SAHARA PLAZA LLC, THE PLAZA HOTEL
A FAIRMONT MANAGED HOTEL ET AL

Write the full name of each defendant or respondent.

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that  PLAINTIFF   TINA BRAUNSTEIN
                         plaintiff or defendant   name of party who is making the motion

requests that the Court:

REOPEN DISCOVERY PERSUANT FRCP 56 (D) (2)

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☒ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☒ the following additional documents:

MAY 24, 2018
Dated

Signature: Tina Michelle B

TINA MICHELLE BRAUNSTEIN
Name

N/A
Prison Identification # (if incarcerated)

3845 SEDGWICK Ave #14D   Bronx,   NY   10463
Address                   City      State  Zip Code

718 884 7222                     tmichelle15@me.com
Telephone Number (if available)  E-mail Address (if available)

PAGE 1

Plaintiff respectfully requests, to reopen Discovery for a limited time and purpose, to obtain: the time clocks for all four Bartenders from 10/27/2014 - 3/13/15 when Plaintiff was fired from the Plaza Hotel for herself and the three male Bartenders on our team, Mr Rosa, Mr Marini & Mr Menite. We all started our employment on the same date and were all promised equal treatment and protections. Plaintiff requests a copy of the nightly accounting from her employment for all four Bartenders as well as the Servers, whom tipped out the Bartenders. Finally, Plaintiff requests a copy of Mr Rosa's review, with reasons for all three requests given below. Plaintiff needs these three items to prove the discriminatory and hostile actions of the Defendant toward the Plaintiff.

**The nightly accounting and shift scheduling (spreed sheets) that the Management filled out for the entire team, Bartenders & Servers from 10/27/14 - 3/13/15 9 (date Plaintiff was fired)**

This is digital and easy to access, and will show, all below, but, not limited to:

A) Tips and lost income
B) That Plaintiff was a team player; she volunteered on 12/22/14 to work the service bar Tuesday nights to give the less experienced Bartenders a brake (the service Bartender rarely carried a bank, reflective in the nightly accounting) Defendant denies Plaintiff was a team player.
C) Where we as individuals were succeeding in bringing in income & tips for the team and the house.
D) Checking that Plaintiff was paid and tipped out properly by all parties.
E) Plaintiff's lost income when her lucrative Saturday night shift was given away against her protest to a male Bartender.
G) Defendants deny Saturday night was taken away from Plaintiff.

**Time clock receipts (punch in & punch out) from 10/27/14 - 3/13/15**

We clocked in and out with our fingerprint & a personal code. The machine did not print out receipts. Having all four Bartenders, Mr Rosa, Mr Menite, Mr Marini & Plaintiff's will prove the contrast of how Defendants treated Ms Braunstein differently compared to her male colleagues, favoring the men, during the probation period.

This is all digital and should not be a chore for the Defendants

This will show, but, not limited to:

A) That male Bartenders were chronically late during the Hotels mandatory probation period without reprimand or termination against company policy.
B) Allegations that Plaintiff was leaving work early are false.
C) Male Bartenders were abusing overtime and not reprimanded nor terminated
D) Male Bartenders were leaving early and were not reprimanded nor terminated
E) The change in Plaintiff's schedule when Defendants gave her lucrative Saturday night shift to Mr Menite against her protests.

PAGE 2

**Mr Rosa's Review from 10/27/2014 - Present.**

Defendants already provided the review for the two of the three male Bartenders, to the EEOC (post Plaintiff's termination) that they referred to as the 60 Day Review in their Depositions. Defendants have not provided Mr Rosa's review during that time period and Plaintiff needs this information to prove the discriminatory treatment towards her, the only female on the Bar team

Both Mr Marini & Mr Menite each received written comments on how to improve with each negative mark on their (checked box) "meets company standards" review, where as, Plaintiff received no such feedback, written or oral, for her mostly negative (Box checked) "below company standards " review ignoring her many requests (written & oral) for direction & feedback. Defendants went against company policy where Plaintiff was concerned.

Plaintiff's iPhone recorded meeting with Mr Mariano, Head of Food & Beverage, January 2015 at the 12:50 mark, Mr Mariano states that Mr Rosa stepped into his office unhappy and concerned over his review during said time period.

Defendants have Mr Rosa down as a witness (one of 8 all male) and have two emails he wrote complaining about Plaintiff on 2/19 & 2/21 which Plaintiff did not know about until seeing her EEOC file (post termination) that she requested post the EEOC's final decision, it is a glaring omission on Defendants part.

Upon filing with the EEOC Plaintiff informed them that on 2/18 Mr Rosa was hostile and derogatory towards Plaintiff in front of their manager Mr Douri, whom did nothing to stop Mr Rosa's verbal attack but, instead joined in, also yelling at Plaintiff, adding to the hostile work environment. This was after Ms Braunstein emailed HR complaining that Mr Douri was being misogynistic & unprofessional towards her on 12/25.