# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue
28th Floor
New York, New York  10178
Tel: (212) 643-7000
Fax (212) 643-6500

**David I. Rosen**
Admitted In NJ, NY
Direct Dial:  973-643-5558
Email:  drosen@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

May 25, 2018

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 415
New York, NY  10017

> Re: Braunstein v. Sahara Plaza, LLC, et al.
> Civil Case No. 1:16-cv-08879 (VSB)

Dear Judge Broderick:

We are legal counsel to Defendants in the above-referenced action.

On May 24, 2018, Plaintiff *pro se* filed a motion pursuant to Fed. R. Civ. P. 56 (d)(2) to reopen discovery, which she supported with a Declaration that she did not sign under the penalty of perjury. Defendants strongly oppose the motion and ask that Your Honor dismiss it.

We offer the following timeline of relevant procedural events for the Court's consideration:

- Plaintiff filed this civil action in November 2016.

- On March 10, 2017, Your Honor signed a Case Management Plan and Scheduling Order ("CMP") based on input from both Plaintiff's former attorney, E. Gordon Haesloop, Esq., and the undersigned. Paragraph 7 of the CMP directed that all fact discovery be completed by no later than June 30, 2017, and included the following

5469459 v1

**Sills Cummis & Gross**
A Professional Corporation

Hon. Vernon S. Broderick
May 25, 2018
Page 2

- bracketed language: *"A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances."* [Emphasis in original]. Paragraph 8.a. of the CMP further directed the parties to serve their initial requests for the production of documents by March 31, 2017. Paragraph 10 of the CMP directed the parties to complete all discovery by no later than August 31, 2017. Paragraph 11 of the CMP directed the parties to submit a joint letter to the Court by no later than two weeks in advance of the October 6, 2017, post-discovery conference, updating the Court on the status of the case. *See* ECF Doc. 11.

- By letter dated August 22, 2017, Plaintiff's attorney requested the Court's authorization to extend the CMP's deadline for completing all depositions to October 5, 2017. Plaintiff's attorney represented to the Court in the first sentence of the second paragraph of that letter: "I believe that documentary disclosure is complete." Your Honor granted opposing counsel's extension application on August 28, 2017, with the following caveat (which the Court entered at the top of page 1 of Mr. Haesloop's letter): "The deadlines set forth at paragraph 11 of the CMP, (DOC. 12), remain unchanged." *See* ECF Doc. 17.

- On September 21, 2017, the undersigned filed the joint letter required by paragraph 11 of the CMP, with the consent of Plaintiff's counsel, advising the Court, among other things, that the parties had already exchanged their respective written discovery demands and responses. *See* ECF Doc. 18.

- On October 2, 2017, the undersigned filed a letter to advise the Court that Defendants wished to file a summary judgment motion seeking the Complaint's dismissal. *See* ECF Doc. 21.

- Counsel for all parties attended the Court's post-discovery conference on October 6, 2017, during which Your Honor discussed with counsel the stated grounds for Defendants' summary judgment motion. At no time during that conference did Plaintiff's counsel state that Plaintiff required any further written discovery.

- On November 21, 2017, the Court granted Mr. Haesloop's request for leave to file a motion to withdraw as Plaintiff's counsel. The Court also stayed the action until December 22, 2017 to enable Plaintiff to retain new counsel. *See* ECF Doc. 25.

- On December 22, 2017, Ms. Braunstein filed a letter asking, in part, that the Court grant her more time to find a new attorney. She did not state in that letter that she was seeking leave to reopen discovery. *See* ECF Doc. 29.

Sills Cummis & Gross
A Professional Corporation

Hon. Vernon S. Broderick
May 25, 2018
Page 3

- On January 2, 2018, Your Honor issued a Memo Endorsement extending the stay of the action until January 22, 2018, to enable Plaintiff to retain new counsel. *See* ECF Doc. 30.

- On February 14, 2018, Your Honor issued an Order requiring, in part, that Defendants file their anticipated motion for summary judgment on or before March 14, 2018, and that Plaintiff file her opposition to the motion on or before May 4, 2018. *See* ECF Doc. 32

- Defendants' filed their summary judgment motion by the March 14, 2018, deadline. *See* ECF Doc. 34.

- On April 30, 2018, four days before her deadline to file her summary judgment motion opposition papers, Plaintiff, over Defendants' written objections, submitted a letter to the Court requesting "an extension of my deadline to respond to Defendants [sic] Summery [sic] Judgement from May 4, 2018 to June 4, 2018." Plaintiff added: "My request is due to ongoing health issues and a serious adverse reaction recently to medicine that I was on and needed to stop, resulting in debilitating withdrawals which hindered my ability to do the required work on my case." Ms. Braunstein's letter further stated, "The new dates would be response due by June 4th 2018 and reply due June 18, 2018." Nowhere in that letter did Ms. Braunstein request an extension of time to file a motion to reopen discovery. *See* Doc. 41.

- Your Honor issued an Order on May 4, 2018, reading as follows:

    "I am in receipt of Plaintiff's letter requesting an extension of time to *file her opposition to Defendants' motion for summary judgment.* Accordingly, it is hereby:

    "ORDERED that Plaintiff shall *file her opposition to the motion for summary judgment on or before June 4, 2018,* and Defendants shall file their reply, if any, on or before June 18, 2018.

    [Emphasis supplied]

- Yesterday, just 11 calendar days before the extended deadline to file her opposition papers, Plaintiff filed her Notice of Motion to Reopen Discovery.

Plaintiff has not demonstrated good cause to file her motion at this late date, given the facts that all discovery concluded nearly eight months ago and Defendants' summary judgment motion papers were filed more than two months ago. Plaintiff's motion does not set forth any extraordinary circumstances that prevented her, while she was represented by Mr. Haesloop, to

5469459 v1

# Sills Cummis & Gross
A Professional Corporation

Hon. Vernon S. Broderick
May 25, 2018
Page 4

request these documents, and this case does not present unique complexities. Nor does Plaintiff state that these documents could not be obtained before the discovery period ended. *See Williams v. R. H. Donnelley Corp.*, 368 F.3d 123, 126 n.1 (2d Cir. 2004). In event, none of the requested documents are germane to the issues raised by Defendants' summary judgment motion. *See Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151-52 (2d Cir. 2016). Even though Plaintiff is proceeding pro se, she inherited the record developed by her prior attorney; Plaintiff's current unrepresented status does not give her license to reopen discovery nearly eight months after the period for completing it expired.

Plaintiff's motion to reopen discovery is a transparent effort by Plaintiff to further delay the filing of her summary judgment motion opposition papers. Any further delays in completing the briefing of the summary judgment motion will unduly prejudice Defendants' rights.

For all of the foregoing reasons, Defendants respectfully request that Your Honor deny Plaintiff's motion to reopen discovery and direct Plaintiff to file her summary judgment motion oppositions papers, if any, by no later than June 4, 2018, in accordance with the Court's May 4, 2018 Order.

Thank you, Your Honor, for your courtesy and consideration of this letter.

Respectfully submitted,

David I. Rosen

cc:   Ms. Tina Michelle Braunstein (via ECF and Regular Mail)