UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINA MICHELLE BRAUNSTEIN,<br><br>Plaintiff,<br><br>-against-<br><br>SAHARA PLAZA, LLC and THE PLAZA HOTEL, a FAIRMONT MANAGED HOTEL,<br><br>Defendants. | Civil Case No. 1:16-cv-08879 (VSB)<br><br>(Electronically Filed Document) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT**

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ  07102
(973) 643-7000
Attorneys for Defendants
*Sahara Plaza, LLC and Fairmont Hotels & Resorts (Maryland) LLC*

*Of Counsel:*
  David I. Rosen, Esq.

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT .................................................................................................................................. 2
    POINT I.    NOTWITHSTANDING PLAINTIFF'S CLAIMS TO THE CONTRARY, THERE IS NO GENUINE ISSUE AS TO ANY *MATERIAL* FACT .................................................................................. 2
    POINT II.    PLAINTIFF NEITHER DISCUSSES NOR DISTINGUISHES ANY OF THE LEGAL AUTHORITY CITED BY DEFENDANTS, WHICH ESTABLISHES THAT HER CAUSES OF ACTION SHOULD SUMMARILY BE DISMISSED FOR LACK OF MERIT ............................................................................................... 6
        A.    Because Plaintiff Concedes that Her Signed EEOC Discrimination Charge References Neither Alleged Ethnic Nor Age Discrimination, Her Federal Ethnicity and Age Claims Must be Dismissed As a Matter of Law ................................................................. 6
        B.    Because Plaintiff Has Not Produced Probative Evidence that She Was the Victim of Severe or Pervasive Acts of Gender-Based Harassment, the Second Cause of Action Must Be Dismissed As a Matter of Law ........................................................................... 7
        C.    Because Plaintiff Has Produced No Probative Evidence that the Termination of Her Probationary Employment Was Causally Connected to Any Claim of Discrimination She Raised, The Third Cause of Action Must Be Dismissed As a Matter of Law ............ 7
        D.    Because Plaintiff Does Not Dispute that Her Fourth Cause of Action, Sounding in Negligence, is Preempted as a Matter of Law, It Must Summarily Be Dismissed ........................................ 8
        E.    Because Plaintiff Has Produced No Probative Evidence that Her Internal Claims of Discrimination Were Not Investigated, the Fifth and Sixth Causes of Action Should Summarily Be Dismissed As a Matter of Law .............................................................................. 8
CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Liberty Lobby*,
  477 U.S. 242, 106 S.Ct. 2505 (1986) ............................................................................................2

*First Nat'l Bank of Arizona v. Cities Serv. Co.*,
  391 U.S. 253, 88 S. Ct. 1575 (1968) .............................................................................................2

*Fujitsu Ltd. v. Federal Express Corp.*,
  247 F.3d 423 (2d Cir. 2001) ..........................................................................................................2

*Gayle v. Gonyea*,
  313 F.3d 677 (2d Cir. 2002) ..........................................................................................................2

*Love v. City of N.Y. Dep't of Consumer Affairs*,
  390 F. Supp.2d 362-371-72 (S.D.N.Y. 2005) ...............................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 106 S.Ct. 1348 (1986) ............................................................................................2

*Patterson v. County of Oneida*,
  375 F.3d 206 (2d Cir. 2004) ..........................................................................................................7

*Scotto v. Almenas*,
  143 F.3d 105 (2d Cir. 1998) ..........................................................................................................2

*Ulrich v. Moody's Corp.*,
  2017 WL 1232709 (S.D.N.Y.) ......................................................................................................2

**FEDERAL STATUTES**

Age Discrimination in Employment Act of 1967 as amended ..........................................................6

Title VII of the Civil Rights Act of 1964 as amended .....................................................................6

**STATE STATUTES**

New York Workers' Compensation Law ..........................................................................................8

## PRELIMINARY STATEMENT

Defendants Sahara Plaza, LLC ("Sahara" or the "Hotel") and Fairmont Hotels & Resorts (Maryland) LLC (incorrectly identified in the Complaint as "The Plaza Hotel, a Fairmont Managed Hotel") (collectively, the "Defendants") moved on March 14, 2018 for summary judgment seeking dismissal in its entirety of the Complaint filed by Plaintiff Tina Michelle Braunstein ("Plaintiff" or "Ms. Braunstein"). This memorandum of law, the second filed by Defendants, replies to factual statements made by Ms. Braunstein in her rebuttal to Defendants' Statement of Undisputed Material Facts. It also highlights several instances in which Plaintiff failed to controvert legal arguments made by Defendants in their principal brief.

As Defendants will demonstrate below, there is no genuine issue as to any *material* fact and Defendants are entitled to summary judgment as a matter of law.

## ARGUMENT

## POINT I.

## NOTWITHSTANDING PLAINTIFF'S CLAIMS TO THE CONTRARY, THERE IS NO GENUINE ISSUE AS TO ANY *MATERIAL* FACT

The Supreme Court held long ago that "[a]n issue of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To defeat Defendants' motion, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Ulrich v. Moody's Corp.*, 2017 WL 1232709 (S.D.N.Y.), at *10 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986)). Moreover, Plaintiff may not rely on conclusory allegations or unsubstantiated speculation.'" *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (*quoting Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, she must produce admissible evidence that supports her pleadings. *See First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289-90, 88 S. Ct. 1575 (1968). Ms. Braunstein has produced no such evidence. Accordingly, this Court must grant Defendants' motion because "the record taken as a whole could not lead a rational trier of fact to find for the [Plaintiff]." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (*citing Matsushita Elec. Indus., supra* at 587).

In her response to Defendants' Statement of Undisputed Facts, Plaintiff, with just two exceptions, does not dispute the authenticity of any of the documentary exhibits submitted with Defendants' motion papers. In one paragraph of her response (¶ 18), she states that a note written on December 18, 2014, "appear[s] to be fabricated to look like the style of Mr Mariano

takes his note" [sic], but this is unsubstantiated speculation on Ms. Braunstein's part and not probative rebuttal evidence that it was, in fact, fabricated. She also references "a suspicious second copy of plaintiff's review that does have written notes. Nobody has testified to knowing who authored such notes." [¶ 21; emphasis in original]. However, Defendants did not rely on that particular document to support their Motion and did not submit it as evidence. (*See,* instead, Defendants' Exhibit L – a copy of the actual review signed by Plaintiff.)

Plaintiff does not dispute what she herself wrote in the emails she authored, as she cannot do so. In fact, she stands by what she wrote. [See, *e.g.,* ¶ 24]. Nor does she dispute the accuracy of the transcription by Defendants' law firm of her clandestinely recorded meeting with her manager. (*See* response to ¶ 32: "Ms. Braunstein appreciates that Defendants Council [sic] had the iPhone recording transcribed. It has a few typo's [sic] but it is accurate. Except for one important *omission* on the first page . . . . Other than that omission, the transcript appears pretty accurate.") (emphasis in original). That transcription reflects that her manager listened at length to her concerns, spoke with her respectfully, and simply tried to explain to her why her overbearing, judgmental and condescending personality and attitude were undermining her working relationships with her co-workers. Ms. Braunstein even concedes that in "the meeting with Mr Mariano & Plaintiff, he stated that there is a consensus that she is 'difficult' to work with." (¶ 16).

In several places, Ms. Braunstein "partially disputes" statements made by Defendants relating to certain submitted documentary exhibits, based on her claim that neither her attorney nor she had seen or been aware of them prior to discovery in this action. [*See, e.g.,* ¶¶ 4, 17, 23, 36, 37]. However, Ms. Braunstein cites no law or Hotel policy that required the sharing of such documents with her while she was actively employed, and there is no such requirement. Further,

3

whether Plaintiff did or did not know about these documents at the time she was employed at the Hotel is immaterial to whether the documents reflect that she was subjected to unlawful discrimination or retaliation. The documents Ms. Braunstein questions because she states she had not previously seen them do not reflect that.

Some of Ms. Braunstein's disputes over Defendants' documentary exhibits are based either on her disagreement over the author's "perspective" (¶¶ 29, 31) or on her claim that certain complaints made about her by co-workers – both male and female – were false. (¶¶ 16, 24, 37). However, she provides no probative evidence whatsoever that the statements she views as untrue were made by anyone with the intent to discriminate or retaliate against her.

In other instances, Plaintiff's statements are outright conclusory, without evidentiary support. (*See* ¶ 3 – "Defendants violated the agreement when they harassed, discriminated and retaliated against Ms Braunstein."; ¶ 21 - Ms. Braunstein review [sic] was used as retaliation for her speaking out at work about the hostile and sexist environment that she was experiencing, . . . ."; ¶ 22 – Ms Braunstein was not treated the same as her male colleagues, . . . ."; concluding unnumbered paragraph: "This is an establishment that has a perverse and pervasive system in place to harm it's [sic] female employees, . . . .;).

Moreover, so much of Plaintiff's rebuttal is nothing more than her wild and unsubstantiated surmise, conjunctures, personal opinions, and speculation. There are numerous examples of this:

- Plaintiff "*wonders*" if a negative statement made by Mr. Mariani (a "bartender on her team") was solicited by Defendants (¶ 14).

- Ms. Braunstein "*believes*" that once she wrote an email accusing Mr. McSorley of harassment on December 8, 2015, "management learnt [sic] that she was not a female that they can easily harass as that is the culture of their environment and that this knowledge on their part was the beginning of the end for her employment." (¶ 15).

4

- She *"wonders"* if a "promised meeting did not happen because the Defendants solicited complaints against her or if these alleged complaints were fabricated by management or staff." (¶ 16).

- Ms. Braunstein *"questions"* whether handwritten notes on a version of her performance review on which Defendants do not rely were "done post her firing to cover up the illegal treatment of her." (¶ 21).

- She *"questions"* Mr. Hunt's honesty during his deposition. (¶ 21).

- She asserts that "*[a]pparently* her male colleagues were held to a lower set of expectations." (¶ 22).

- "Mr Rosa was *no doubt* having a hard time being bested by a female." (¶ 23).

- Plaintiff posits that Defendants "*appear* to take offense to her being a strong woman." (¶ 31).

- "Ms Braunstein *wonders* why Mr Mariano relied so heavily on other people's perceptions of Plaintiff which *appears* to contradict his own experiences with her." (¶ 34).

- "Ms Braunstein does not use foul language at work and one [sic] again *claims* that, this is because employees are trying to cover up for their wrong doing." (¶ 35).

- To Plaintiff, "[o]nce again, it *appears* that Mr Rosa's email was sent through the manager that was acting out towards" her. (¶ 37).

None of the foregoing statements constitutes admissible, probative, rebuttal evidence.

In addition to relying on inadmissible hearsay (*see* ¶15 – reference to unsworn letter of recommendation; ¶ 21 – "Plaintiff has confirmation that Brian Van Flandern, the bar consultant that assisted in the hiring & training and Mr Menite's best friend was one of the people to get Mr Menite in a 28 day rehab."; ¶36 – reference to October 4, 2017 eater.com article; ¶39 – reference to what Ms. Braunstein's "EEOC counselor, Mr. Young," purportedly encouraged her to do with respect to filling out her EEOC charge; ¶43 – reference to New York Times review; ¶44 – "August 2017 the news media picked up on this"), Ms. Braunstein incredulously suggests that certain unsubstantiated Complaint *allegations* made against Defendants by different plaintiffs in an unrelated civil action (1:18-cv-01266-DAB) constitute probative admissible *evidence* that

5

Defendants discriminated and retaliated *against Plaintiff*!  (See ¶¶ 13, 19, 21, 31, 32, 44).  Plaintiff is sorely mistaken.

Because Plaintiff has failed to demonstrate that any material fact relied upon Defendants is genuinely in dispute, there is no triable issue of fact justifying the denial of Defendants' motion.

## POINT II.

### PLAINTIFF NEITHER DISCUSSES NOR DISTINGUISHES ANY OF THE LEGAL AUTHORITY CITED BY DEFENDANTS, WHICH ESTABLISHES THAT HER CAUSES OF ACTION SHOULD SUMMARILY BE DISMISSED FOR LACK OF MERIT

**A.  Because Plaintiff Concedes that Her Signed EEOC Discrimination Charge References Neither Alleged Ethnic Nor Age Discrimination, Her Federal Ethnicity and Age Claims Must be Dismissed As a Matter of Law.**

Plaintiff does not dispute that the formal Charge she signed filed with the EEOC omits "age" and "religion" as discriminatory grounds relating to her employment; she simply states that in one instance she checked "national origin" instead of religion "by mistake," and otherwise relied on "bad advice" she received from the EEOC representative who assisted her in preparing the Charge.  (See ¶39 in her Statement of Disputed Facts).  Those explanations do not cure the admitted deficiencies in her formal Charge.

Accordingly, for the reasons set forth on pages 16-18 of Defendants' first brief, the First Cause of Action, to the extent it alleges "ethnicity" Discrimination under Title VII, and the Seventh Cause of Action, which alleges age discrimination under the Age Discrimination in Employment Act of 1967, as amended, must be dismissed for lack of subject matter jurisdiction because Ms. Braunstein failed to exhaust her administrative remedies through the EEOC with respect to those claims.

    **B.    Because Plaintiff Has Not Produced Probative Evidence that She Was the Victim of Severe or Pervasive Acts of Gender-Based Harassment, the Second Cause of Action Must Be Dismissed As a Matter of Law.**

At page 18 of their first brief, Defendants cite *Love v. City of N.Y. Dep't of Consumer Affairs,* 390 F. Supp.2d 362-371-72 (S.D.N.Y. 2005), which in turn cited *Patterson v. County of Oneida,* 375 F.3d 206 (2d Cir. 2004), for the proposition that to sustain a hostile work environment claim based on gender pursuant to Title VII, Plaintiff "must produce evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment." Plaintiff does not question or distinguish the foregoing legal standard in her opposition papers. Nor does she offer the quantum of evidence necessary to satisfy that standard, instead choosing to rely upon inadmissible, unsubstantiated allegations by other plaintiffs in a complaint filed in an unrelated civil action, and on her conclusory statement on multiple occasions that the actions by one of her male co-workers were, in her opinion, "misogynistic." (*See* ¶¶ 8, 19 (stated twice), 27, 36).

Based on the totality of admissible evidence received by this Court, a reasonable person would not find that the conduct Plaintiff alleges she endured was sufficiently severe or pervasive to sustain a hostile work environment. (*See* Defendants' first brief, at pages 18-20). Accordingly, the Court should summarily dismiss the Second Cause of Action.

    **C.    Because Plaintiff Has Produced No Probative Evidence that the Termination of Her Probationary Employment Was Causally Connected to Any Claim of Discrimination She Raised, The Third Cause of Action Must Be Dismissed As a Matter of Law.**

In their first brief, Defendants argued that Plaintiff had failed to satisfy the *McDonnell Douglas/Burdine* burden-shifting framework that is applicable to retaliation claims, and that she had failed to demonstrate the requisite causal connection between her claimed "protected

7

activity" and her termination, because that adverse action was based upon a negative written performance evaluation as well as multiple complaints raised against Ms. Braunstein by male and female coworkers alike. (*See* Defendants' first brief, at pages 20-22). Plaintiff's motion opposition papers do not challenge the applicability of Defendants' cited legal authority to her retaliation claim. Nor has Plaintiff submitted probative admissible evidence demonstrating that those legal standards have been satisfied.

Accordingly, the Court should summarily dismiss the Third Cause of Action for lack of legal merit.

      **D.**    **Because Plaintiff Does Not Dispute that Her Fourth Cause of Action, Sounding in Negligence, is Preempted as a Matter of Law, It Must Summarily Be Dismissed.**

The Fourth Cause of Action pleads "negligent supervision." As noted in Defendants' first brief, the New York Workers' Compensation Law preempts claims for negligent supervision. (*See* Defendants' first brief, at pages 22-23). Ms. Braunstein's opposition papers do not cite any contrary legal authority. Accordingly, the Court should summarily dismiss the Fourth Cause of Action.

      **E.**    **Because Plaintiff Has Produced No Probative Evidence that Her Internal Claims of Discrimination Were Not Investigated, the Fifth and Sixth Causes of Action Should Summarily Be Dismissed As a Matter of Law.**

The Fifth and Sixth Causes of Action allege that Defendants "failed to act on Plaintiff's claims of discrimination, harassment and hostile work environment." As noted in Defendants' first brief, the evidence produced by Defendants in support of their summary judgment motion reflects otherwise. (*See* Defendants' first brief, at pages 23-25).

Plaintiff's opposition papers do not contradict those facts with probative, admissible evidence. Rather, Plaintiff makes unsubstantiated conclusory statements in her Statement of Disputed Material Facts that investigations were not conducted. In doing so, she conflates

8

whether the remedial action she sought was taken with whether remedial action of any kind was taken. [*See* Plaintiff's Statement, ¶12 ("Ms Braunstein concurs that Ms Paradis acknowledged Plaintiff's email something Plaintiff appreciates. Unfortunately Ms Braunstein was forced to be alone with the Taylor [sic] who had made inappropriate remarks about her during the delivery and final fitting of her uniform jacket, making Plaintiff very uncomfortable and going against Ms Braunstein's original request to not be put in a situation be [sic] alone with him again."); ¶13 (Plaintiff acknowledges Mr. Mariano's responsive email thanking her "for taking the time to report this to [him] in such detail," and noting he was "appalled by the kind of behavior" that Plaintiff experienced, assuring her that "this will not be tolerated."); ¶¶16 & 31 (Plaintiff merely claims that a meeting purportedly "promised" by Mr. Mariano did not occur during the 56 days remaining prior to her termination, though she acknowledges it was scheduled and cancelled a few times prior to her termination)].

Because Plaintiff has produced no probative, admissible evidence controverting Defendants' position that they continuously exercised reasonable care to prevent and correct promptly any unlawful conduct, the Court should summarily dismiss the Sixth and Seventh Causes of Action.

## CONCLUSION

For all of the forgoing reasons and for the reasons stated in Defendants' first memorandum of law, Defendants respectfully request that the Court grant their motion for summary judgment and dismiss the Complaint in its entirety.

                                          Respectfully submitted,

                                          SILLS CUMMIS & GROSS P.C.
                                          Attorneys for Defendants

                                          By: */s/ David I. Rosen*
                                                  David I. Rosen

Dated: June 18, 2018